UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ODEIU J. POWERS,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>      Defendant. | Civil Action No. 1:24-cv-01915 (UNA) |

**MEMORANDUM OPINION**

    This matter is before the court on its initial review of plaintiff's complaint ("Compl."), ECF No. 1, his emergency motion for injunction, ECF No. 3, seeking the same relief pleaded in the complaint, and his application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons explained below, it dismisses this case without prejudice and denies plaintiff's emergency motion for injunction.

    Plaintiff, a United States citizen who is currently residing in Costa Rica, *see* Compl. at 1, 3, 5, sues the United States Department of Homeland Security ("DHS"), *id.* at 1, 3. Plaintiff, a "tenured competitively appointed civil service employee[,]" alleges that he was "erroneously hired by DHS as a probationary employee" despite having already completed his "required probation period" several years earlier. *Id.* at 5. He contends that, in 2015, "[d]ue tp DHS' error, [he] was fired" from his position as an auditor "without verified or justifiable cause and due process[.]" *See id.* at 4–5. He further alleges that, because of this wrongful removal, and despite his status as a "preference eligible veteran," he has been "banned from competing for several service rehire[,]" and he asserts that this "ban" was also issued without due process. *Id*. In addition to violation of his due process rights, plaintiff contends that these alleged acts contravened various agency

regulations, and he demands equitable relief and damages under the Back Pay Act. *See id.* at 3–5, 7.

The Civil Service Reform Act ("CSRA") provides the exclusive remedy for adjudicating plaintiff's wrongful removal claim. *See Fornaro v. James*, 416 F.3d 63, 67 (D.C. Cir. 2005) ("recogniz[ing], in a variety of contexts, the exclusivity of the remedial and review provisions of the CSRA") (citing *Spagnola v. Mathis*, 859 F.2d 223 (D.C. Cir. 1988) (discussing exclusivity of the CSRA to adverse personnel decisions)). The CSRA "provides for adjudication of all claims[,]" first to be administratively filed with the Office of Personnel Management ("OPM"), after which a claimant may appeal an adverse decision to the Merit Systems Protection Board ("MSPB"), and finally, a claimant may seek judicial review, exclusively in the U.S. Court of Appeals for the Federal Circuit. *See id.* at 66 (citing 5 U.S.C. §§ 8347(b),(d)(l), 7703(b)(1); 28 U.S.C. § 1295(a)(9)); *see also Wilder v. Solis*, No. 09-0681, 2009 WL 989774, at *1 (D.D.C. April 13, 2009) ("A decision to remove a federal employee is matter over which the Merit Systems Protection Board ('MSPB') has jurisdiction.") (citing 5 U.S.C. § 7701(a); C.F.R. § 1201.3(a)(1)). Indeed, plaintiff is aware of these provisions, because he presented a claim to MSPB, and he has since appealed that decision to the Federal Circuit, *see* Compl. at 5, where that matter is still active, *see also Powers v. MSPB*, No. 24-1303 (Fed. Cir. filed Dec. 29, 2023).

Plaintiff attempts to distinguish this matter from his case pending in the Federal Circuit by arguing that DHS "is not a party" to that matter, *see* Compl. at 5, but that fact does not somehow provide this court with parallel jurisdiction over related claims, or otherwise overcome the jurisdictional prohibitions of the CSRA. "To hold otherwise . . . would be to encourage tactics designed to circumvent the Federal Circuit's effort to prevent litigants from seeking, in this area of review of government personnel decision, two bites of the apple." *See Otiji v. Heyman*, 47 F.

Supp. 2d 6, 7 (D.D.C. 1998) (quoting *Smith v. Horner*, 846 F.2d 1521, 1524 (D.C. Cir. 1988)) (cleaned up), *aff'd*, 203 F.3d 53 (D.C. Cir. 1999). "Such tactics have been flatly disapproved by [the D.C.] Court of Appeals." *Id.*

Moreover, plaintiff's references to his constitutional rights are of no consequence. The D.C. Circuit has held unequivocally that "constitutional *Bivens* claims are unavailable to supplement a federal employee's statutory remedies under the CSRA[,]" even if such a claim is filed by "those claimants within the system for whom the CSRA provides no remedy whatsoever[,]" *Sculimbrene v. Reno*, 158 F. Supp. 2d 1, 8–9 (D.D.C. 2001) (cleaned up) (quoting *Spagnola v. Mathis*, 859 F.2d 223, 226–28 (D.C. Cir. 1988); *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988); citing *Bush v. Luca*s, 462 U.S. 367, 385, 386–88 (1983)). Similarly, plaintiff's reliance on the Back Pay Act also cannot circumvent the strictures of the CSRA. *See Coulibaly v. Kerry*, 130 F. Supp. 3d 140, 146–47 (D.D.C. 2015) ("the Supreme Court has taught that even federal employees without any review rights under the CSRA may not use other statutory vehicles such as the Back Pay Act to challenge employment actions, and that employees with review rights may not pursue claims outside of the CSRA's remedial scheme by invoking the federal courts' federal-question jurisdiction.") (citing *United States v. Fausto*, 484 U.S. 439, 455 (1988); *Elgin v. Department of Treasury*, 567 U.S. 1, 11 (2012)).

Consequently, this court is without subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). As such, this case will be dismissed without prejudice, and plaintiff's emergency motion for injunction, ECF No. 3, denied. Plaintiff's motion for CM/ECF password, ECF No. 4, will be denied as moot.

An order consistent with this memorandum opinion is issued separately.

Date: August 1, 2024

TREVOR N. McFADDEN
United States District Judge